IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAX ALBERTO ESTRADA-LINARES, | : |
| Petitioner | : |
| v. | : Case No. 3:23-cv-173-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
| Respondent | : |
| ("ICE/DHS," nominal respondents) | : |

Memorandum Order

Petitioner, an inmate at F.C.I. Loretto serving a sentence after pleading guilty to conspiracy to import five kilograms or more of cocaine in violation of 21 U.S.C. §§ 963, 959(a), *see* the plea agreement at 2018 WL 2445846 in United States v. Estrada-Linares, No. 3:16-cr-67-HEH (E.D.Va.), filed a petition for a writ of habeas corpus at ECF no. 4, challenging what he contends is an erroneous action by the Department of Homeland Security that affects his eligibility for earned time credits (ETCs). He sought the removal of a detainer reflecting that he was subject to a final order of removal and any earned time credits he was due under the First Step Act. *See* Petition at 2-4 and ¶11 and Prayer for Relief ¶3.

After service, the respondent filed a response at ECF no. 10, noting that petitioner had not exhausted his administrative remedies but principally suggesting that the petition is moot because the Department of Homeland Security removed the detainer on September 22, 2023, and because petitioner was not only now eligible to receive ETCs under the First Step Act but had been credited with the maximum time by the Bureau of Prisons. The respondent also correctly pointed out that to the extent the *pro se* petitioner phrased the relief requested as a declaration that his order or removal is unlawful *see* Petition at 2-3, a district court lacked jurisdiction to grant such relief.

For a federal court to have jurisdiction over a case, an actual controversy must be extant not only at the outset of litigation, but throughout its course. Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997). *See also* Camreta v. Greene, 563 U.S. 692, 711 (2011)("When subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur we have no live controversy to review."(cleaned up, citations omitted)). Because the error alleged in the petition has been remedied and cannot be reasonably expected to recur, this matter is moot.

If some similar controversy should arise in the future (for instance if removal proceedings that might take place in the future should result in a final order of removal against petitioner while he is still serving his sentence), petitioner could and would have

1

to seek relief in a new petition after exhaustion of any available administrative remedies. The petition in this matter is dismissed as moot, and in the alternative dismissed without prejudice for failure to exhaust administrative remedies. The Clerk shall mark this matter closed.

DATE: November 7, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Max Alberto Estrada-Linares, Reg. No. 91739-083
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630